**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

e-MERGING MARKET
TECHNOLOGIES, LLC,

        Plaintiff,                       CIVIL ACTION NO. 08-15150

  vs.

                                        DISTRICT JUDGE JULIAN ABELE COOK

ELK AUTOMOTIVE COMPONENTS    MAGISTRATE JUDGE MONA K. MAJZOUB
SHANGHAI GAOQI AUTOMOTIVE
COMPONENTS,

        Defendant.
_____/

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS (DOCKET NO. 15) AND DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH ARBITRATION HEARING SUBPOENA (DOCKET NO. 22)**

This case comes before the Court on two motions. The first motion is Plaintiff's Motion to Compel Compliance with Subpoenas. (Docket no. 15). Third-parties SL America and SL Tennessee filed a response. (Docket no. 20). Plaintiff filed a reply. (Docket no. 21). The second motion is Plaintiff's Motion to Compel Compliance with Arbitration Hearing Subpoena. (Docket no. 22). Third-party SL America filed a response. (Docket no. 25). Plaintiff filed a reply. (Docket no. 30). Plaintiff and SL America filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 33). The motions have been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 18, 24). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling.

  Plaintiff e-Merging Market Technologies brought this lawsuit against Chinese automotive

1

component supplier ELK Automotive Components on December 15, 2008 for past due sales commissions. On March 11, 2010 the Court entered a stipulated order compelling arbitration. (Docket no. 12). The dispute is being arbitrated by the Honorable Thomas Brookover in Troy, Michigan. The arbitration began on March 1, 2011. Plaintiff contends that the arbitration is currently adjourned in order to allow time for the instant dispute to be resolved.

In December 2010 Plaintiff and ELK Automotive, with the authority of the arbitrator, jointly issued two subpoenas to third-party "SL America Michigan" of Sterling Heights, Michigan. The subpoenas commanded SL America Michigan to produce documents and a designee to testify on behalf of the corporation at a deposition scheduled prior to the arbitration hearing. (Document no. 15, exs. 3, 4). The parties also issued a subpoena to third-party SL Tennessee of Clinton, Tennessee, commanding it to produce documents prior to the arbitration hearing at Plaintiff's counsel's law firm in Detroit, Michigan. (Docket no. 15, ex. 5). On December 28, 2010 counsel for SL America and SL Tennessee served written objections to the subpoenas. (Docket no. 15, ex. 6). Plaintiff now seeks an order compelling SL America Michigan to produce a corporate designee for a pre-hearing deposition. Plaintiff also requests an order compelling SL America Michigan and SL Tennessee to produce the documents requested in the subpoenas and award it $500 in costs incurred in filing this motion. (Docket no. 15).

On February 17, 2011, again with the authority of the arbitrator, Plaintiff issued a subpoena to Jin Min Kim, an employee of SL America Corporation. This subpoena commanded Mr. Kim to produce corporate documents and appear to testify before the arbitrator on March 3, 2011. Plaintiff served Mr. Kim with the subpoena by hand delivering the subpoena to the SL America office in Sterling Heights, Michigan and by leaving the subpoena with the SL America receptionist, Michelle

Klucka. (Docket no. 22, ex. 2; Docket no. 25, ex. A). On March 2, 2011 counsel for SL America served written objections to the subpoena. (Docket no. 22, ex. 3). In the present motion Plaintiff requests that the Court enter an order compelling SL America to produce Mr. Kim and the documents identified in the subpoena for testimony at the arbitration hearing. (Docket no. 22).

Section 7 of the Federal Arbitration Act ("FAA") provides that arbitrators may subpoena "any person to attend before them ... as a witness and in a proper case to bring with him ... any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7. The Act further states that

> if any person ... so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person ... before said arbitrator ..., or punish said person ... for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

*Id*.

Plaintiff seeks an order compelling pre-arbitration deposition testimony from a corporate designee of SL America Michigan and pre-arbitration document production from SL America Michigan and SL Tennessee. Because arbitration began March 1, 2011 Plaintiff's motion is moot. Accordingly, the Court declines to address whether the FAA implicitly allows an arbitrator to issue subpoenas to third-parties for the pre-hearing production of documents and deposition testimony.

Next, Plaintiff seeks an order compelling SL America to produce Mr. Kim and subpoenaed corporate documents for testimony at the arbitration hearing. (Docket no. 22). Section 7 of the FAA unequivocally allows the arbitrator to compel testimony and the production of documents of any person, including a non-party, for the purpose of the hearing. The FAA provides that arbitration subpoenas must be served "in the same manner as subpoenas to appear and testify before the court."

3

9 U.S.C. § 7. Rule 45 of the Federal Rules of Civil Procedure governs service of subpoenas in federal district court. Thus, under the FAA, service of arbitration subpoenas is also governed by Rule 45.

Rule 45 requires Plaintiff to personally serve Mr. Kim with the subpoena. *See* Fed.R.Civ.P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person...."). Service of the subpoena on the SL America receptionist did not fulfill the requirement for personal service on Mr. Kim. Furthermore, the Court cannot order SL America to compel Mr. Kim to appear and testify at the arbitration hearing, or produce corporate documents, when the subpoena was directed to Mr. Kim and not to a corporate designee. The subpoena does not identify Mr. Kim as an officer, custodian of records at SL America, or corporate designee. Hence it is not clear what authority Mr. Kim has to produce corporate documents at the arbitration hearing.

For these reasons the Court will deny Plaintiff's Motion to Compel Compliance with Arbitration Hearing Subpoena. (Docket no. 22). Nothing in this order should be read to preclude Plaintiff from issuing a proper subpoena against Mr. Kim for testimony, or against a corporate designee of SL America for documents and testimony at the arbitration hearing. Plaintiff should be mindful, however, that this Court cannot enforce a subpoena and compel the production of documents held in Tennessee or the testimony of witnesses who reside outside the one hundred mile territorial limit imposed by Rule 45(b)(2). *See, e.g., Legion Ins. Co. v. John Hancock Mut. Life Ins. Co.*, 33 Fed.Appx. 26, 27-28 (3rd Cir.2002). If witnesses and relevant documents are in Tennessee in the possession of SL Tennessee only as the third-parties contend, Plaintiff may have to attempt other means of securing that information. *See, e.g., Fazio v. Lehman Bros., Inc.*, No. 02-CV-157, 2004 WL 5613816 (N.D. Ohio June 21, 2004).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Compliance with Subpoenas (docket no. 23) is **DENIED AS MOOT**, and Plaintiff's Motion to Compel Compliance with Arbitration Hearing Subpoena (docket no. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for costs in the amount of $500 and SL America's request for costs in the amount of $2,000 are **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: August 8, 2011            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 8, 2011            s/ Lisa C. Bartlett
                                 Case Manager