UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

e-MERGING MARKET
TECHNOLOGIES, LLC,

       Plaintiff,                    CIVIL ACTION NO. 08-15150

  vs.

                                      DISTRICT JUDGE JULIAN ABELE COOK

ELK AUTOMOTIVE COMPONENTS    MAGISTRATE JUDGE MONA K. MAJZOUB
SHANGHAI GAOQI AUTOMOTIVE
COMPONENTS,

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL COMPLIANCE
WITH ARBITRATION HEARING SUBPOENA (DOCKET NO. 38)**

      This case comes before the Court on Plaintiff's second motion to compel third-party SL America Corporation to comply with an arbitration hearing subpoena. (Docket no. 38). Third-party SL America Corporation filed a response and supplemental brief. (Docket nos. 41, 46). Plaintiff filed a reply and supplemental reply. (Docket nos. 42, 47). Plaintiff and SL America filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 45). The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 39). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

      Plaintiff seeks an order compelling SL America to produce documents and a corporate representative to testify at an arbitration hearing held before the Honorable Thomas Brookover in Troy, Michigan. This is not the first motion to compel filed by Plaintiff with respect to the

1

arbitration hearing. In August 2011, this Court denied a similar motion filed by Plaintiff because service of the subpoena was not proper. (Docket no. 34). At the time the Court made it clear that its order denying the motion should not be read to "preclude Plaintiff from issuing a proper subpoena against ... a corporate designee of SL America for documents and testimony at the arbitration hearing." (Docket no. 34).

Plaintiff has since issued a new subpoena commanding SL America Corporation to produce documents and a corporate designee to testify in an arbitration hearing. (Docket no. 38, ex. A). In response to this motion, SL America again challenges service of the subpoena and argues that it does not have possession, custody, or control over the subpoenaed documents. SL America contends that almost all of the documents Plaintiff seeks are within the possession, custody, or control of SL Tennessee, an entity allegedly separate and distinct from SL America. In reply, Plaintiff contends that SL America shares an ERP or cloud based storage system with SL Tennessee and thus has control over documents stored on that shared system.

The Court is satisfied that Plaintiff effectuated proper service of the subpoena at issue in this motion. Furthermore, the Court is not persuaded that SL America does not have possession, custody, or control over at least some of the documents at issue. Documents are within the possession, custody, or control of an entity for purposes of discovery if the entity has actual possession, custody, or control, or has the legal right to obtain the documents on demand. *See In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). The Court will order SL America to comply with the subpoena and produce a corporate designee with knowledge relevant to the issues set forth in the subpoena, and produce any documents it has within its possession, custody, or control that are identified in the subpoena at issue. SL America's document production should include any

documents identified in the subpoena, including responsive documents of SL Tennessee, that are stored on an ERP or cloud storage system that is shared by SL America and SL Tennessee, provided that SL America has the legal right to obtain the documents on demand.

**IT IS THEREFORE ORDERED** that Plaintiff's second motion to compel third-party SL America Corporation to comply with an arbitration hearing subpoena (docket no. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before March 29, 2013 SL America must produce to Plaintiff all documents identified in the subpoena at issue in this motion that are within SL America's possession, custody, or control, including but not limited to any responsive documents of SL Tennessee which SL America has control of through their shared ERP or cloud storage system.

**IT IS FURTHER ORDERED** that at a mutually agreeable date and time, but no later than April 26, 2013, SL America must produce one or more corporate designees to testify at the arbitration hearing as to the issues identified in the subpoena and in the Notice of Taking Arbitration Testimony of Representative of SL America Corporation at issue in this motion.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 21, 2013            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 21, 2013          s/ Lisa C. Bartlett
                                  Case Manager